*1244 OPINION.
Seawell :
The deficiencies in income tax as determined by the respondent and contested by the petitioner are for the years 1921 to 1926, both inclusive. In each of the three dockets involved numerous errors are assigned, raising many issues for our determination.
*1245 One issue, applicable to all the years involved, is the question of fraud, the respondent having asserted penalties in each of the years on the ground that there was no bona fide five-party partnership and that the decedent made false and fraudulent returns on the assumption that such partnership was bona fide, and did so to evade income taxes. As a determination of this question may dispose of a number of the errors assigned, we will consider it first.
The petitioner insists that in each of the years involved there was a bona fide partnership existing between George D. Parker, Clara B. Parker, his wife, her mother, Catherine Barr, and C. E. Brown and Blanche G. Brown, his wife, which partnership was carried on in the name of the George D. Parker Co.
Respondent through counsel has admitted that a partnership under the name George D. Parker Co., between George D. Parker and C. E. Brown, existed in all the years in issue. Prior to the hearing herein respondent did not recognize any partnership between George D. Parker and C. E. Brown for the years 1921 and 1922, though doing so for the other years in issue.
The voluminous evidence, consisting of oral testimony given at the hearing and dozens of exhibits filed, makes up a record not altogether consistent with the contentions of either petitioner or respondent. We have endeavored to set forth quite fully and fairly the facts established by the record. It shows that the decedent, George D. Parker, prior to 1921 consulted an attorney in reference to forming a partnership and an oral understanding or agreement was had between the decedent, Parker, and C. E. Brown, their wives, and Parker’s mother-in-law, the five persons heretofore named, that they would constitute a partnership known as George D. Parker Co. Afterwards written articles of copartnership between them were prepared in 1921 by a lawyer and were signed by the five persons heretofore named. It was contemplated that the alleged partnership would acquire and hold the valuable Nestle Food Co. contract for supplying it with box shook and box shook was accordingly so supplied it, though the record does not disclose any formal assignment of the contract to the George D. Parker- Co. partnership.
Considerable sums of money were advanced to the Parker Lumber & Box Co. by the George D. Parker Co., for which the Parker Lumber & Box Co. executed its notes, some of which were distributed to certain members of the firm of George D. Parker Co. and some retained by the partnership.
The lawyer who drew the articles of partnership and the five persons alleged to constitute the partnership considered that a bona fide partnership had been formed. One of the five persons, Blanche G. Brown in 1928 instituted suit for an accounting in the *1246 Superior Court of the State of California, Riverside County, against George I). Parker and his wife, Clara B. Parker, individually and as administratrix of the estate of Catherine Barr, deceased, as set forth in our findings of fact. Mrs. Barr died in- 1923 and her death worked a dissolution of the partnership (California Civil Code [1927, Deering] sec. 2450 (3)), but did not, in a sense, absolutely terminate it, the evidence indicating that at the time of the hearing herein the affairs of the five-party partnership had not been wound up and Mrs. Barr’s estate was still open and undetermined.
Some facts and circumstances shown appear, as heretofore stated, unusual and somewhat inconsistent with the idea of a bona fide five-party partnership between the persons alleged to constitute the same. We think such may reasonably be accounted for, however, when the partnership is viewed in the light of the business and family relationship existing between the parties as shown by the record. George D. Parker and C. E. Brown had been closely associated in business for years. Parker was very desirous of keeping Brown connected with him in business and, after being advised by his attorney that it would be advisable to form a partnership with Brown, proceeded to form one with Brown and the persons heretofore named, on the basis stated in our findings of fact. The partnership was somewhat in the nature of a two-family business arrangement, Parker and his wife and mother-in-law on the one side and Brown and his wife on the other, the two men continuing actively to carry on the business, the women partners being satisfied to have their interests looked after by the men. This character of partnership we think largely accounts for the manner in which the business was conducted and book entries made with respect to the business.
Upon a careful consideration of the entire record we are of the opinion and hold that the charge of fraud is not sustained, that there was a bona fide partnership between the five persons asserted by the petitioner to have constituted the firm of George D. Parker Co., and that it continued to exist after the death of Mrs. Barr for the purpose of winding up its affairs.
Having, on the record presented, determined that the respondent’s allegations of falsity and fraud with respect to the asserted partnership and the tax returns based on same, made by the decedent in the years in issue, are not sustained, it follows, and we so hold, that the fraud penalties imposed were not warranted and may not be assessed and collected.
It is conceded by counsel for respondent, and properly so, that in order to sustain the deficiencies in income tax proposed and assess and collect the same for the years 1921 (Docket No. 32369) and *1247 1923 (Docket No. 44396) it is incumbent upon the respondent to prove fraud, as otherwise the statute of limitations pleaded would operate as a bar to assessment and collection. The record shows that the deficiency notices were mailed after the four-year period prescribed by the applicable sections of the Eevenue Acts of 1921 and 1924; that no consent in writing extending such period for assessment is shown to have been executed by the decedent or the petitioner, who has pleaded the bar of the statute of limitations. It is our opinion, therefore, and we so hold, that the assessment and collection of the deficiencies alleged in the aforesaid dockets for the years 1921 and 1923 may not be made, being barred by the statute of limitations.
Notwithstanding our determination that the deficiency proposed by the respondent for the year 1921 is barred by the statute of limitations, it is necessary for the issues raised by the assignment of errors in respect to the year 1921 be determined by us in view of the fact that the petitioner asserts that the respondent failed to allow as a deduction in 1922 a net loss of at least $6,361.58 sustained in 1921.
The first error assigned with respect to the deficiency asserted for 1921 is the failure of the respondent to exempt from that year’s income tax $3,012.50 interest received by the decedent on certain United States bonds, referred to in the testimony as “ 6 percent United States Certificates ” but not further specifically described. The petitioner apparently a'ssumed that because the amount stated, $3,012.50, represents interest on the aforesaid securities such interest is necessarily tax-exempt. The obligations or certificates in question are shown to have been purchased in 1919 or 1920. Under the Eeve-nue Act of 1921 the interest on certain securities is exempt from tax. However, it is provided in section 213 (b) (4) of that act that:
* * * In the ease of obligations of the United States issued after September 1, 1917 (other than postal savings certificates of deposit), and in the case of bonds issued by the War Finance Corporation, the interest shall be exempt only if and to the extent provided in the respective Acts authorizing the issue thereof as amended and supplemented and shall be excluded from gross income only if and to the extent it is wholly exempt to the taxpayer from income, war-profits and excess-profits taxes.
The petitioner insists that aforesaid interest should be excluded in computing decedent’s net income, but in our opinion, and we so hold, the evidence adduced is not sufficient to warrant such determination. The petitioner not having shown the specific character of the United States obligations or certificates, nor when they were issued, and that the interest is exempt under the terms of the section of the statute quoted, and the respondent’s determination being presumptively correct, we approve the same on this issue.
*1248 The respondent has conceded that he committed error as asserted in assignments 2 and 5 for the years 1921 and 1922, respectively, and we so hold. :
The decedent, George D. Parker, for the year 1921 reported $4,249.68, or one fourth of the George D. Parker Co. partnership income ($16,998.71) as taxable, on the theory that the George D. Parker Co. was a bona fide five-party partnership in which the decedent’s interest was only one fourth, and such we have already held. The respondent, however, at the time of his original determination and the mailing of deficiency notice, determined there was in fact no partnership, but that the entire business of the George D. Parker Co. was owned by the decedent, and therefore added to his taxable income for 1921 the difference between the aforesaid two amounts or the sum of $12,749.03 (see fourth assignment of error for year 1921), which action on the part of the respondent we are of the opinion and hold was error.
The petitioner also assigns as error (5) the action of the respondent in adding to net taxable income for 1921 the sum of $10,000 paid George X. Wendling under the circumstances stated in our findings of fact.
In behalf of the petitioner it is insisted that the payment of the $10,000 to Wendling by the decedent was an ordinary and necessary expense of doing business and should be allowed as a proper deduction in computing net income in the year 1921, when the obligation to pay accrued — the decedent’s books being kept and his returns made on the accrual basis — or in the year 1922, when the payment was made. The record shows that the $10,000 payment made to Wendling by George D. Parker was for services rendered in connection with the consolidation of certain businesses of the decedent and Fred Stebler and the organization of a corporation for such purpose. In the circumstances described, we are of the opinion and hold that the payment did not constitute an ordinary and necessary expense of carrying on business within the meaning of the applicable section of the Eevenue Act of 1921 and the respondent did not err in failing to allow such as a deduction in either 1921 or 1922 in computing the net taxable income of the decedent. Surety Finance Co. of Tacoma, 27 B.T.A. 616.
• With respect to the year 1922, Docket No. 28374, the first error assigned is the failure of the respondent in computing net income to allow as a deduction an alleged net business loss of at least $6,361.58 sustained in 1921. This question of the deductibility of any alleged net loss for 1921 from the net income for 1922 will be disposed of under Eule 50, after proper effect is given to the issues heretofore considered and decided by us relative to the year 1921.
*1249 The second assignment of error, relative to the failure to allow as a proper deduction when computing net taxable income for 1922 certain taxes paid in the amount of $233.49, respondent concedes is error and we so determine. The third and sixth errors assigned relative to 1922 we already have determined in favor of the petitioner.
The fourth assignment of error relative to the year 1922, that the respondent added to the taxable income of the decedent Parker $39,338.83 which he did not receive and to which he was not entitled, is in our opinion, and we so hold, well taken. The record shows that the net income of the partnership of George D. Parker Co. as returned for 1922 was $52,451.78 and that the respondent in computing decedent’s net taxable income did not recognize any partnership as existing between decedent Parker and C. E. Brown or other persons and therefore included the entire amount of $52,451.78 as taxable income, whereas in accordance with petitioner’s contention and our already expressed determination the George D. Parker Co. was a five-party partnership, the decedent’s net income from such partnership being only his proportional share of its income, which was one fourth, or $13,112.95 as returned by the decedent.
The respondent concedes the fifth error assigned, and we approve his action in so doing.
With respect to deficiencies determined for the years 1923 to 1926, both inclusive, the respondent concedes he erred in adding to decedent’s income for each of those years $600 as salary, as alleged in the first assignment of error, and we so determine.
We have heretofore determined that the respondent erred in failing to recognize for the years in issue the five-party partnership constituting the George D. Parker Co. and in asserting fraud penalties, which determinations dispose of assignments of error numbered 2 and 8 for the years 1923-1926, inclusive.
The amounts set forth in the third assignment of error respecting the years 1923 to 1926, inclusive, which were added by the respondent to the decedent’s net taxable income for the years and in the respective sums stated, represent, as determined by the respondent, income received by the decedent in the several years mentioned in that assignment and not returned by him. Such determinations by the respondent were made on the theory that the partnership of George D. Parker Co. was composed of only two members, the decedent, Parker, as the owner of a two-thirds interest and C. E. Brown, the owner of a one-third interest. We already have determined herein that the partnership was a five-party partnership with interests owned by certain persons in the proportions stated in our findings of fact, and the respondent’s determination and allocation of partnership interests otherwise in said years was, in our opinion, error and should be cor *1250 rected on the basis of thé five-party partnership, and we so hold. Any deficiency for 1923 we have held is barred.
The amount of net income received by the partnership for the years in issue is not in dispute, except as to the true net. income for 1925, the lack of agreement as to which is due to the respondent’s disallowance of the bad debt deduction claimed by the partnership in the sum of $45,628.91. The record shows that the alleged bad debt, claimed as a deduction in 1925 and then charged off as such by the partnership of George D. Parker Co., represented a portion of the notes (amounting to $149,256.67) which the corporation, Parker Lumber & Box Co., executed to the partnership for.money advanced or loaned it as set forth in our findings of fact. The record further shows that none of the notes so executed were ever paid; that the corporation was never operated successfully, but always at a loss; that it was in very bad financial condition as early as 1923, and that in 1925 its liabilities far exceeded its assets. While such appears from the evidence to have been the situation in 1925, other facts are also shown, to wit: That cash and accounts receivable were approximately doubled at the end of 1925 over 1923 and 1924; miscellaneous current assets remained about the same; the merchandise inventories were decidedly better than in 1924; that land, buildings, and equipment at $234,898.38 constituted a substantial increase over 1924, such assets amounting to more in 1925 than they had in any previous year except 1923. The large increase of liabilities in 1925 over 1924 was due to the $100,000 mortgage heretofore described. Furthermore, the advances of cash to the Parker Lumber & Box Co. did not cease in 1925, advances of cash being also made in 1926. It is true the financial condition of the corporation from the date of its organization was never satisfactory, but, upon the whole evidence on that subject, we are of the opinion that the corporation’s financial condition was not any worse, nor ascertained to be so, in 1925 than in 1924, and we are further of the opinion and hold that the charge-off by the partnership in 1925 of the sum of $45,628.91 as a bad or worthless debt and the claim of that amount as a deduction by the partnership was not justified by the record. In view of the fact that the partnership was a five-party partnership instead of being composed of only two members as respondent determined, the respondent was not warranted in adding the amount of $30,290.40 to the decedent’s net taxable income for 1925, assigned as error in the third and eleventh assignments. In our opinion, and we so hold, only to the extent of the decedent’s partnership interest in the alleged bad debt should his net taxable income for 1925 be increased.
The petitioner concedes, and we so determine, that the respondent did not commit error as alleged in assignments 4 and 10.
*1251 We have heretofore herein held that the statute of limitations bars the assessment and collection of any deficiency for 1923, which disposes of assignments of error 5 and 6.
Relative to the seventh assignment of error, with respect to respondent’s increasing decedent’s net taxable income for 1924 by alleged dividends from the Tehmescal Oil Co. in the amount of $8,334.50, in our opinion, and we so hold, the record shows that the distributions made by that company in 1924 and 1925, in the respective amounts of $8,334.50 and $8,459.50, and received by the decedent Parker and his wife, Clara B. Parker, in the proportions set forth in our findings of fact, were made in liquidation.
The decedent is shown to have received of such liquidating dividends $6,709.50 in each of the years 1924 and 1925, or the total sum of $13,419. The respondent, as shown, has agreed to accept $4,981 as the amount of income derived from liquidating dividends on which the petitioner is taxable in 1925, the amount being approximately the difference between the amount of dividends actually received by the decedent in 1924 and 1925 and the cost ($8,500) of the shares, as alleged in the petition, purchased and owned by the decedent. In view of the unsatisfactory condition of the record with respect to the correct number of shares purchased and owned by the decedent and his wife and the concession and acceptance by respondent’s counsel that approximately the difference between $8,500 and the amount ($13,419) of liquidating dividends received by decedent, or the sum of $4,981, is all that the petitioner should in 1925 be taxable on as income from the liquidating dividends, we are of the opinion and hold that the actual difference between the alleged cost of shares to decedent, $8,500, and the liquidating dividends actually received by him, $13,419, or the sum of $4,919, was profit on liquidation and constituted capital gain. The record shows that decedent in 1925 reported $3,856 as received from these dividends, understating his capital gain by the difference between the latter two sums in the amount of $1,063. We are further of the opinion and hold that the $6,709.50 received by decedent as a liquidating dividend in 1924 was a return in part of the $8,500 investment and $1,790.50 of the liquidating dividend received in 1925 was likewise a return of invested capital, leaving subject to tax of 12y2 percent, in accordance with the provisions of section 208 of the Revenue Act of 1926, the sum of $4,919 as capital gain.
With respect to the ninth assignment of error, alleging the respondent erred in computing the earned income credit allowable for the years 1924, 1925, and 1926, it may be remarked that aside from the concession made by respondent that for each of those years he erroneously added $600 to the decedent’s admitted annual salary of $6,000, *1252 there is no error insisted upon in petitioner’s brief nor shown in the record relative to respondent’s determination of the decedent’s earned income or credit allowable on account therof. A recomputation of earned income credit allowable, in our opinion, and we so hold, should be made and disposed of under Rule 50, after giving effect to our determinations herein.

Judgment of no deficiency will be entered as to the years 1921 and 1923, and v/nder Buie 50 as to 1922, 1921/,, 1925, and 1926.